# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   v.                                        **Case No. 04-CR-216**

**BRUCE PETERSON,**
        **Defendant.**

## ORDER

On March 25, 2005, I sentenced defendant Bruce Peterson to 1 day in prison, followed by five years of supervised release, and $81,496.89 restitution on his guilty plea to bank fraud. On January 30, 2006, I revoked defendant's supervision, sentencing him to a year and a day in prison, and reimposed restitution in the amount of $80,346.89.

On February 24, 2010, defendant filed a letter with the court regarding his restitution. He indicated that he recently lost his job and as part of his separation received approximately $10,000 in the form of a retirement fund. He proposed applying this amount in a lump sum payment to satisfy the restitution balance owed, about $65,000. He stated that his employment prospects were limited, that he had been reduced to making minimum monthly payments of $100, and that the opportunity for the victim to collect this much in a lump sum was unlikely to recur.

The district court is generally forbidden to modify or reduce a previously imposed sentence and may do so only as permitted by specific statute or rule. See, e.g., United States v. Zingsheim, 384 F.3d 867, 871 (7th Cir. 2004); United States v. Goode, 342 F.3d 741, 742 (7th Cir. 2003); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000). As is relevant

here, 18 U.S.C. § 3664(k) provides that, on notification of a material change in the defendant's economic circumstances, the court may adjust a restitution payment schedule or require immediate payment in full, as the interests of justice require.  However, this statute provides no authority to rescind or reduce a restitution order, <u>United States v. Baird</u>, No. 3:03-CR-91, 2009 WL 5170198, at *3 (E.D. Tenn. Dec. 17, 2009) (collecting cases), and I am aware of no other authority for doing so.

Defendant may seek a reduction in his monthly payments based on economic hardship, but he has not in the instant request done so.  For the reasons stated above, his request to reduce restitution to $25,950.50 must be and hereby is **dismissed**.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge